# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

JOHN CHILDS, JR.,
*Inmate Identification No. 423-732,*

    Plaintiff,

v.

WARDEN WAYNE WEBB,
ASST. WARDEN ROSETTE SWAN and
LT. T. SIMMS,

    Defendants.

Civil Action No. TDC-17-1081

## MEMORANDUM ORDER

Plaintiff John F. Childs, Jr., an inmate at the North Branch Correctional Institution in Cumberland, Maryland, has filed a civil action against Defendants Warden Wayne Webb, former Assistant Warden Rosette Swan, and Lt. T. Simms of the Jessup Correctional Institution ("JCI") in Jessup, Maryland alleging at assault by Lt. Simms on August 18, 2016. Pending before the Court is a Motion to Dismiss filed by Defendants Webb and Swan. Although advised of the opportunity to oppose this dispositive Motion, ECF No. 18, Childs has not filed a memorandum in opposition to the Motion. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

In his Complaint, Childs asserts that on August 18, 2016, Lt. Simms and others assaulted him after he threw trash out of the slot in his cell door into a trash can. At the time, Childs was in the B-Building of JCI on the A-Tier. According to Childs, Lt. Simms "was not suppose[d] to be

on A-Tier of B-Building." Am. Compl. at 2, ECF No. 7. Childs asserts that he suffered injuries to his left leg and seeks $10,000 in damages.

On April 19, 2017, Childs filed this action pursuant to 42 U.S.C. § 1983. Although Warden Webb and Assistant Warden Swan have been served with process, service has not been effectuated on Simms because the Institutional Coordinator at JCI refused to accept service on his behalf.

## DISCUSSION

Defendants Webb and Swan ("Defendants") have filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that (1) the Amended Complaint fails to state a plausible a claim for relief generally; (2) it fails to state a claim against Defendants because there is no vicarious liability under § 1983; and (3) Defendants are entitled to qualified immunity.

### I. Legal Standard

To defeat a motion to dismiss under Rule 12(b)(6), the Complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the Complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. Supervisory Liability

In the Amended Complaint, Childs asserts that he was assaulted by Simms, but makes no allegations of an assault by Webb or Swan. In a § 1983 action, the doctrine of *respondeat superior*, or vicarious liability, does not apply. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004). Accordingly, a supervisory official cannot be held liable for the acts of a subordinate unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F. 3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F. 2d 368, 372 (4th Cir. 1984)). For a supervisor to be found liable for such acts, a plaintiff must prove that (1) the supervisor has actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the subordinate's misconduct; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Baynard*, 268 F.3d at 235; *Shaw v. Stroud*, 13 F. 3d 791, 799 (4th Cir. 1994).

Here, the only reference to Defendants in the original Complaint or the Amended Complaint is the ambiguous statement in the original Complaint that "Mr. Webb nor Ms. Swan gave Lt. Simms the okay to be on A-tier for any reasons." Compl. at 2, ECF No. 1. Although this statement could be read to mean either that Defendants authorized Simms's presence on A-Tier, or that they had not authorized his presence, the Amended Complaint's statement that "Lt. Simms was not suppose[d] to be on A-tier of B-Building" is most fairly read to clarify that neither Defendants nor any other supervisor had authorized Simms to be present on the tier where Childs was housed on the date of the incident. Am. Compl. at 2. Even if, viewing the pleadings in the

light most favorable to Childs, the Complaint could be construed as stating that Defendants authorized Simms to be on A-Tier that day, neither the original Complaint nor the Amended Complaint alleges that Defendants had any knowledge that Simms would assault Childs, or was engaged in any conduct that created a risk of such an assault, on the date in question. There is no allegation that Defendants responded to the incident in such an inadequate manner as to constitute tacit authorization of the alleged assault. Accordingly, the Court will dismiss the claims against Defendants Webb and Swan because they fail to state a plausible claim for supervisory liability against them. The Court need not and does not address Defendants' remaining arguments for dismissal.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. The Motion to Dismiss filed by Defendants Webb and Swan, ECF No. 17, is GRANTED. The claims against Defendants Webb and Swan are DISMISSED.

2. To effect service of process on Defendant Lt. T. Simms, the Clerk shall complete a United States Marshal service of process form for Defendant Lt. T. Simms, Jessup Correctional Institution, P.O. Box 534, Jessup, Maryland 20794. The Clerk shall provide the completed U.S. Marshal form and issue summons. The U.S. Marshal shall then effectuate service of process at the address provided. Any service by mail must be effectuated only by certified mail with restricted delivery. Md. Rule 2-121(a).

3. The Clerk shall MAIL a copy of this Order to Childs.

Date: December 10, 2018

THEODORE D. CHUANG
United States District Judge